**KOLLER LAW LLC**
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOLANLE MORTON, | : | |
| 6521 N 16th Street | : | Civil Action No. 25-4247 |
| Philadelphia, PA 19126 | : | |
|     Plaintiff, | : | |
|         v. | : | **COMPLAINT AND** |
| | : | **JURY DEMAND** |
| BOYS' LATIN OF PHILADELPHIA | : | |
| CHARTER SCHOOL, | : | |
| 5501 Cedar Avenue | : | |
| Philadelphia, PA 19143 | : | |
|     Defendant. | : | |

### CIVIL ACTION

Plaintiff, Bolanle Morton (hereinafter "Plaintiff"), by and through her attorney, brings this civil matter against Defendant, Boys' Latin of Philadelphia Charter School (hereinafter, "Defendant"), alleging she was subject to unlawful violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practice Ordinance ("PFPO"), and avers and alleges as follows:

### THE PARTIES

1. Plaintiff is an adult individual domiciled in the above captioned address.

2. Defendant is a public charter school with a location and corporate headquarters located at

5501 Cedar Avenue, Philadelphia, PA 19143.

3. At all relevant times hereto, Defendant employed the requisite number of employees under the applicable statutes and was a covered entity.

4. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decision, these individuals engaged in the practice of treatment which forms the basis of Plaintiff allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting these individuals engaged in the pattern and practice of treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in the judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADA, the PHRA and the PFPO.

13. Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"), signed November 21, 2024, alleging associational disability discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number of 530-2025-01535 and Plaintiff requested the charge be dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") by request and that Notice is dated April 29, 2025.

16. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Notice of Right to Sue letter relative to the Charge.

17. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

18. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

19. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. In or around July 2023, Defendant hired Plaintiff in the position of Director of Academics.

22. Plaintiff was well qualified for her position and performed well.

23. In or around August 2024, Plaintiff requested an accommodation for her daughter who has Autism.

24. Autism is a serious medical condition that is considered to be a disability under the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").

25. The major life activities affected by Autism, include, but are not limited to, communicating and caring for one's self.

26. Plaintiff's daughter was transitioning to kindergarten and Plaintiff is her daughter's primary caregiver.

27. Plaintiff requested the reasonable accommodation to arrive at work at 7:30 a.m. in order to leave at 2:30 to be able to pick up her daughter from school.

28. Plaintiff would then complete the rest of her work from home.

29. Importantly, Plaintiff did not have a hard start or end time, and had unlimited paid time off ("PTO").

30. Alexis Rylander Bennett, Senior Director of Academics, approved Plaintiff's accommodation request.

31. However, Bennett stated that she would be putting "parameters" around Plaintiff's ability to exercise her accommodation.

32. When Plaintiff asked what the parameters were, Bennett responded that she would "think of something, but was not sure at the time", or words to that effect.

33. Plaintiff also spoke with William Hayes, CEO, about her accommodation request several times throughout August 2024.

34. Plaintiff asked if there was anything else she needed to do to properly request and exercise her accommodation request.

35. Hayes stated no.

36. Hayes said that he would support Plaintiff in her accommodation to be able to pick up her disabled daughter from school.

37. However, following her accommodation request, Bennett began to harass Plaintiff.

38. Bennett gave Plaintiff a particularly hard time about her calendar and how Plaintiff organized herself.

39. Bennett had never mentioned an issue with this before.

40. Bennett asked to see everything on Plaintiff's schedule.

41. Bennett also restricted Plaintiff from taking part in professional development opportunities.

42. Bennett interjected when Plaintiff was speaking at meetings, prohibiting Plaintiff's thoughts and ideas being heard at Defendant.

43. On or about September 6, 2024, Plaintiff complained to Hayes about Bennett's discriminatory and retaliatory conduct following Plaintiff's notification of her disabled daughter and the accommodation request.

44. Hayes stated that he would speak to Bennett about her conduct.

45. Hayes said he would reach back out to Plaintiff on September 9, 2024.

46. On or about September 9, 2024, Hayes spoke with Plaintiff about her complaint.

47. Hayes stated that he did not understand why there was a big issue between Bennett and Plaintiff.

48. Hayes stated that he valued both Plaintiff and Bennett at Defendant.

49. Hayes stated he wanted Plaintiff and Bennett to work it out.

50. On or about September 10, 2024, Plaintiff took the whole day off for a pre-approved PTO day.

51. Plaintiff's other youngest daughter was having surgery.

52. Plaintiff had to take her daughter to the surgery and care for her daughter following the surgery.

53. On or about September 11, 2024, Plaintiff arrived at work.

54. Bennett called Plaintiff into a meeting.

55. Bennett abruptly terminated Plaintiff's employment.

56. Bennett claimed the reason for termination was insubordination.

57. Bennett did not provide any details or examples of this alleged insubordination.

58. Defendant discriminated against Plaintiff due to her daughter's disability and retaliated against her for requesting a reasonable accommodation and complaining about the aforementioned associational discrimination in violation of the ADA, the PHRA and the PFPO.

59. Defendant's acts and/or omissions were willful or with reckless disregard to Plaintiff's federal statutory rights.

## COUNT I – ASSOCIATIONAL DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

60. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

61. Plaintiff's daughter is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff's daughter has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff's daughter had a record of such an impairment or because Plaintiff's daughter was regarded as and/or perceived by Defendant and its agents as being disabled.

62. Plaintiff was qualified to perform the job.

63. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

64. Circumstances indicated that Plaintiff's daughter's disability were the reason for the adverse employment action.

65. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

66. Plaintiff's daughter's disability motivated Defendant's decision to take adverse actions against Plaintiff.

67. The purported reason for Defendant's decision is pretextual.

68. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

69. As a result of Defendant's unlawful associational disability discrimination, Plaintiff has suffered damages as set forth herein.

70. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

72. Plaintiff's daughter is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff's daughter has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff's daughter had a record of such an impairment or because Plaintiff's daughter was regarded as and/or perceived by Defendant and its agents as being disabled.

73. Plaintiff was qualified to perform the job.

74. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

75. Circumstances indicated that Plaintiff's daughter's disability were the reason for the adverse employment action.

76. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

77. Plaintiff's daughter's disability motivated Defendant's decision to terminate Plaintiff.

78. The purported reason for Defendant's decision is pretextual.

79. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

80. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – DISABILITY DISCRIMINATION
## **PHILADELPHIA FAIR PRACTICES ORDINANCE**

81. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

82. Plaintiff's daughter is a "qualified individual with a disability" as that term is defined under the PFPO because Plaintiff's daughter has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff's daughter had a record of such an impairment or because Plaintiff's daughter was regarded as and/or perceived by Defendant and its agents as being disabled.

83. Plaintiff was qualified to perform the job.

84. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

85. Circumstances indicated that Plaintiff's daughter's disability were the reason for the adverse employment action.

86. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

87. Plaintiff's daughter's disability motivated Defendant's decision to terminate Plaintiff.

88. The purported reason for Defendant's decision is pretextual.

89. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

90. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

91. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

92. Plaintiff engaged in activity protected by the ADA when she complained about associational disability discrimination.

93. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

94. There exists a causal connections between Plaintiff's participation of the protected activity and the adverse employment action.

95. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

96. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

97. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

98. Plaintiff engaged in protected activity when she complained about associational disability discrimination.

99. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

100. There exists a causal connection between Plaintiff's request for a reasonable accommodation and her complaint of associational disability discrimination.

101. Defendant terminated Plaintiff's employment as a result of her protected activity.

102. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VI – RETALIATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

103. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

104. Plaintiff engaged in protected activity when she complained about associational disability discrimination.

105. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

106. There exists a causal connection between Plaintiff's request for a reasonable accommodation and her complaint of associational disability discrimination.

107. Defendant terminated Plaintiff's employment as a result of her protected activity.

108. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Bolanle Morton, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

(b)   Compensatory damages;

(c)   Punitive damages;

(d)   Emotional pain and suffering;

(e)   Reasonable attorneys' fees;

(f)   Recoverable costs;

(g)   Pre and post judgment interest;

(h)   An allowance to compensate for negative tax consequences;

(i)   A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, the PHRA and the PFPO.

(j)   Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(k)   Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

                                                                                                                                                       Respectfully Submitted,

                                                                       **KOLLER LAW LLC**

Date: July 28, 2025

                                                     By:    */s/ David M. Koller*
                                                                                David M. Koller, Esquire
                                                                                Jordan D. Santo, Esquire
                                                                                2043 Locust Street, Suite 1B
                                                                                Philadelphia, PA 19103
                                                                                T: (215)-545-8917
                                                                                F: (215)-575-0826
                                                                                davidk@kollerlawfirm.com
                                                                                jordans@kollerlawfirm.com

                                                                                *Counsel for Plaintiff*